[No. 32828. Department Two. June 3, 1954.]

Franz Zallinger, *Respondent,* v. Robert Cole *et al., Appellants.*[1]

*Peyser, Cartano, Botzer & Chapman,* for appellants.
*Bogle, Bogle & Gates,* for respondent.

Per Curiam.—In this case, the court found that respondent contracted with appellants to perform the necessary work and labor and furnish the materials for the decorating and painting of parts of the interior of a dwelling house, and that appellants agreed to pay to respondent the reasonable value and cost of such labor and materials. Also that respondent contracted to paint the ceiling of the living room for a fixed price of two hundred fifty dollars. The court further found that such labor was performed and the materials were furnished by respondent, that the reasonable value thereof was the sum of $1,325.61, and that appellants owed respondent a total sum with sales tax of $1,622.88; that appellants had paid respondent the sum of $257.50 and were entitled to a credit of one hundred ten dollars because of faulty workmanship. Judgment was entered for the sum of $1,255.38.

The findings of fact made by the court are challenged by appellants, their claims being that the evidence showed the respondent and the workmen employed by him consumed much more time performing the labor than was reasonably necessary, and that the charge made therefor was unreasonable; also that a certain part of the work was unskillfully done and was not satisfactory to appellants. It is urged that appellants should not be required to pay for the unsatisfactory part of the work nor for more than the reasonable value of the labor expeditiously performed.

We would be in accord with this view if the facts supported the claims of appellants. We have examined the parts of the record which set forth the evidence relating to the challenged findings of fact and have concluded they are supported by a preponderance of the evidence. The testimony of the respective witnesses was in conflict. The trial court resolved the conflict (except the item of one hundred ten dollars) in favor of respondent. Having in mind the better opportunity the trial judge had in seeing the witnesses and hearing them testify than we have in reviewing the printed record, we find ourselves unable to make findings of fact contrary to those made by the court.

The judgment is supported by the findings of fact made by the court, and it is affirmed.

[1] Reported in 271 P. (2d) 440.